IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLYE DENSON-HENRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE PERMANENTE MEDICAL GROUP,<br><br>　　　　Defendant. | Case No. 25-cv-06856-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant The Permanente Medical Group's Motion to Dismiss, filed September 9, 2025. Plaintiff Kellye Denson-Henry, who proceeds pro se, has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for October 17, 2025, and hereby GRANTS the motion, as follows:

1. To the extent the Complaint asserts claims under Title VII based on harassment, discrimination, and/or retaliation on the basis of an "underlying medical condition" (see Compl. ¶¶ 4.d, 5.e), the Complaint is subject to dismissal, for the reason that Title VII does not protect against conduct occurring because of a medical condition, see 42 U.S.C. § 2000e-2(a) (prohibiting employer from discriminating against employee "because of such individual's race, color, religion, sex, or national origin"), or conduct occurring because an employee has opposed employer practices pertaining to medical conditions, see 42 U.S.C. § 2000e-3 (prohibiting employer from retaliating against employee who has "opposed any practice made an unlawful employment practice by

[Title VII]").

2. To the extent the Complaint asserts claims under Title VII based on harassment, discrimination, and/or retaliation on the basis of "race or color" (see Compl. ¶¶ 4.d, 5.a), the Complaint is subject to dismissal, for the reason that the Complaint includes no facts to support such conclusory assertions, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "conclusory statements" fail to state cognizable claim).

3. To the extent the Complaint asserts claims under Title VII based on discrimination and/or retaliation on any basis, the Complaint is subject to dismissal, for the reason that a negative performance review, the only conduct on which plaintiff bases such claims, is insufficient to support them. See Bryant v. Covina-Valley Unified School Dist., 2017 WL 10543559, at *1, *5 (C.D. Cal. October 16, 2017) (holding "a negative performance review, without more, does not constitute an adverse employment action" necessary to support "discrimination" or "retaliation" claims) (citing cases).

4. As the Complaint consists of claims brought under Title VII, none of which, as set forth above, has been sufficiently pleaded, the Complaint is hereby DISMISSED. The Court will, however, afford plaintiff leave to amend for purposes of curing the above-referenced deficiencies in her Title VII claims, and/or for purposes of asserting any non-Title VII claims she may have grounds to assert. Any such First Amended Complaint shall be filed no later than October 31, 2025.

Lastly, in light of the above, the Case Management Conference is hereby CONTINUED from November 14, 2025, to January 16, 2026, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than January 9, 2026.

**IT IS SO ORDERED.**

Dated: October 9, 2025

MAXINE M. CHESNEY
United States District Judge